VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      24-AP-146

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# ENTRY ORDER

MAY TERM,   2025

State of Vermont v. Danny Main, Jr.\*

}  APPEALED FROM:
}  Superior Court, Bennington Unit;
}  Criminal Division
}  CASE NO. 22-CR-10415; 21-CR-07881; 22-CR-09405
   Trial Judge: Kerry Ann McDonald-Cady

In the above-entitled cause, the Clerk will enter:

Defendant appeals his sentence of nine-to-ten years following his guilty pleas to driving under the influence (DUI) resulting in serious bodily injury, drug possession, and DUI-4, with a habitual offender enhancement.  Defendant argues that the sentence was in error because it would not facilitate defendant's drug treatment, and it was plain error to proceed without a complete presentence investigation (PSI) report.  We affirm.

The record reflects the following.  In November 2022, police responded to a crash involving a motor vehicle and a motorcycle resulting in severe injuries to the motorcycle operator.  Defendant acknowledged he was the operator of the motor vehicle, had a suspended license, and was under conditions not to use regulated drugs.  Defendant admitted to using heroin.  The trooper believed defendant was under the influence of narcotic analgesics based on defendant's performance of field-sobriety tests and the fact that defendant was extremely droopy, his speech was slurred, and he was nodding in and out.  Defendant had unprescribed Xanax on his person.  A blood test confirmed defendant had fentanyl and other substances in his system.  Defendant was charged with one count of DUI-4, one count of DUI resulting in serious bodily injury, possession of heroin, and providing false information to an officer.  The State also charged a habitual-offender enhancement.  The charging affidavit noted that defendant had prior felony convictions for heroin possession, DUI-3, and second-degree aggravated domestic assault.  At the time, defendant had several other criminal cases pending, including for driving with a license suspended, leaving the scene of an accident, and violating conditions of release.  Following a hearing, defendant was held without bail pending trial.

In February 2024, defendant entered a plea agreement with the State in which he pleaded guilty to DUI-serious bodily injury resulting with a habitual-offender enhancement, drug possession, and DUI-4.  In return the State dismissed thirteen charges in several dockets.  The plea agreement indicated that the State could argue for no more than ten years to serve and

defendant could argue for "any lawful sentence." The court ordered a PSI report. Defendant did not file any objection to or comment on the completed PSI report.

The court held a contested sentencing hearing. At sentencing, the court confirmed that all parties had read the PSI report. The State pointed out that the PSI report did not include the DUI with serious bodily injury resulting, but noted that the victim and his children were present to give victim-impact statements. The victim testified concerning his extensive reconstructive leg surgery, years of rehabilitation, and persistent pain. The victim's children described the toll of nursing for their father. Defendant's attorney did not object. The State requested a ten-year sentence given defendant's history of committing additional crimes when released and the danger he posed to the public.

Defendant argued that he had completed several programs while incarcerated and argued that the to-serve portion of his sentence be limited so that he could be out "in a reasonable period of time" to be able to care for his family. He argued that he would benefit from substance-abuse treatment, mental-health counseling, and risk reduction programs that were not available if he was incarcerated. Defendant made a statement of allocution, stating that he wished to apologize to the victim and his family and stating that he did not want his "misfortune" passed to another. He referred to the crash as "an unfortunate accident" and "unfortunate event."

The court explained that it considered punishment, prevention, rehabilitation, and deterrence in deciding defendant's sentence. Defendant pleaded guilty to three serious felonies, each with significant maximum sentences and subject to the habitual-offender enhancement of life imprisonment. The court noted that all three charges involved crashes. The court emphasized that the DUI with bodily injury stemmed from a crash that caused the victim extensive injuries and permanent damage, including three surgeries to date, and had forever changed the victim's life. The court recognized defendant's apology to the victim and his family as being sincere, but also noted that defendant referred to the crash as an accident, indicating that he did not assume responsibility. The court noted that defendant took several illegal actions leading up to the crash including driving with a suspended license, violating court-imposed conditions not to drive, and operating a vehicle while under the influence of drugs. The court also considered defendant's criminal history and pattern of offenses, including multiple DUIs, drug-related crimes, and multiple instances of driving contrary to court-imposed conditions. The court explained that defendant's behavior of repeatedly driving under the influence presented a risk of safety for the public. The court considered defendant's significant criminal record of four felonies and eleven misdemeanors, including aggravated domestic assault, felony DUI-3, and heroin possession. The court acknowledged defendant's efforts to improve himself while incarcerated and to maintain sobriety. However, the court found that defendant's record demonstrated that defendant was not able to live safely in the community and probation had not been successful in the past. Therefore, the court imposed an overall nine-to-ten-year sentence to serve with credit for time served. Defendant appeals.

On appeal, defendant first argues that the court abused its discretion because the evidence showed that defendant would benefit from drug treatment, which defendant could not receive while incarcerated. The trial court has discretion to fashion an appropriate sentence and this Court reviews sentencing decisions for an abuse of discretion. State v. Lumumba, 2014 VT 85, ¶ 22, 197 Vt. 315. "Absent exceptional circumstances, we will defer to the court's judgment so long as the sentence is within the statutory limits and was not based on improper or inaccurate information." Id. (quotation omitted). When imposing a sentence, the trial court looks to a "wide range of factors, including 'the nature and circumstances of the crime, the history and

character of the defendant, the need for treatment, and the risk to self, others, and the community at large presented by the defendant.' " Id. ¶ 23 (quoting 13 V.S.A. § 7030(a)).

Defendant claims that the court's findings were erroneous because the court indicated that defendant's risk was not the use of substances but the combination of using substances and driving a car. According to defendant, his addiction created the unsafe behavior and incarcerating him rather than allowing treatment is not logical. Defendant asserts that the court did not appropriately weigh his remorse and improperly criticized him for referring to the crash as an accident, pointing out that the victim's family also called the crash an accident. He also asserts that the sentence was an abuse of discretion because keeping him incarcerated will not achieve effective treatment.

The record demonstrates that the court considered appropriate factors in setting defendant's sentence. See 13 V.S.A. § 7030(a) (listing factors for court to consider at sentencing including nature of crime, history and character of defendant, need for treatment, noncompliance with court orders, and risk to self, others, and community). The court emphasized the nature of defendant's offenses, his pattern of violating court conditions, and his repeated driving with a suspended license and while impaired. The court noted that defendant had been involved in three crashes and caused severe injury to the victim. Given this, the court found that incarceration was necessary to protect the public. There was nothing contradictory about the court's statement regarding defendant's substance use. When read in context, the court was emphasizing that defendant's substance use was not the sole cause of his criminal behavior; rather, defendant repeatedly drove while impaired, which created a risk of harm. Similarly, the court did not err in assessing whether defendant accepted responsibility for his actions. The court acknowledged defendant's apology and recognized it as sincere, but also noted that some of defendant's language indicated that defendant was not accepting full responsibility for the crash. It was up to the court to determine whether defendant's statements regarding his behavior were credible, and we will not reassess this on appeal. See State v. Sullivan, 2018 VT 112, ¶ 17, 208 Vt. 540 (explaining that trial court determines credibility of witnesses and weighs persuasive effect).

Moreover, although defendant emphasizes his desire for treatment, the court acted well within its discretion in factoring in other considerations, including the severity of the offenses and the need for public protection. The sentence of nine-to-ten years was within the statutory range—and defendant's plea agreement—and was entirely reasonable given the seriousness of defendant's offenses, his criminal history, his repeated noncompliance with conditions, and the need to protect the public.

Defendant also claims that the court committed plain error in sentencing defendant without a complete PSI report. Defendant asserts that because information about the DUI with serious injury resulting was not in the PSI report, he did not have the opportunity to prepare for the statements of the victim and his family regarding this charge. He acknowledges that he did not object below and therefore argues that this was plain error. See State v. Ray, 2019 VT 51, ¶ 6, 210 Vt. 496 (explaining that when defendant fails to object at sentencing, Court will vacate sentence only for plain error). Plain error is for "rare and extraordinary circumstances" and "requires a showing that (1) there was error, (2) the error is obvious, (3) the error affects the substantial rights of and results in prejudice to the defendant, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (quotations omitted).

The State responds that a PSI was not required under Vermont Rule of Criminal Procedure 32(c)(1), which allows the court "in its discretion" to dispense with a PSI if the defendant has two or more felony convictions. V.R.Cr.P. 32(c)(1)(B). The State also asserts that the omissions of the DUI with serious injury resulting and the habitual-offender enhancement did not prejudice defendant because he had full notice of the charges in advance of the hearing and the victim had the ability to speak at sentencing regardless of whether a statement was included in the PSI report.

Defendant has failed to demonstrate plain error. As the State emphasizes, under the criminal rules, the court here could have dispensed with the PSI given that defendant had two or more felony convictions. Given that there was no requirement for the court to have the PSI at all, defendant has not demonstrated that the omission of one charge and a habitual-offender enhancement from the PSI report was an error so obvious as to affect substantial rights and amount to plain error.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Karen R. Carroll, Associate Justice


_____
William D. Cohen, Associate Justice